O
JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEMON and LAURIELLE LEMON, | Case No. 2:11-cv-03677-ODW (FMOx) |
| Plaintiffs, | **ORDER GRANTING MOTION TO DISMISS [41]** |
| v. | |
| BEAR STEARNS RESIDENTIAL MORTGAGE CORP.; JP MORGAN CHASE BANK, N.A.; and DOES 1–10, | |
| Defendants. | |

## I.     INTRODUCTION

Before the Court is Defendants Bear Stearns Residential Mortgage Corporation and JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiffs Anthony and Laurielle Lemon's Second Amended Complaint ("SAC").  (ECF No. 41.)   Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.  The Court finds that Plaintiffs fail to state a claim under Federal Rule of Civil Procedure 12(b)(6), and therefore **GRANTS** Defendants' Motion to Dismiss and **DISMISSES** this action **WITH PREJUDICE**.

## II.    FACTUAL BACKGROUND

In November 2006, Plaintiff Laurielle Lemon refinanced her home located at 38506 37th Street East, Palmdale, California 93550, with a mortgage loan extended by Bear Stearns at an adjustable rate of 9.7%.  (SAC 6.)[1]

In August 2007, Laurielle[2] wanted to obtain a fixed-rate mortgage, and so she negotiated with a Bear Stearns representative to do so.  (SAC 6.)  The Lemons explain that the selling points of the new loan were: a lower PITI payment from $3,443.81 to $2,463.49, a fixed-rate mortgage instead of an adjustable-rate mortgage, lower interest rate from 9.7% to 6.925%, and Bear Stearns promised to pay off a previous loan of $26,000.  (SAC 6.)

On November 9, 2007, Laurielle signed a mortgage loan agreement (the "Note") with Bear Stearns, which listed an interest rate of 6.875% and monthly payments of $2,463.49.   (Chase's Request for Judicial Notice ("RJN"),[3] Ex. A.)

---

[1] The Court refers to the SAC by page number because several sections in the SAC have misnumbered paragraphs.

[2] Defendants have alerted the Court to the fact that Plaintiffs' SAC is little more than "a 38-page mash-up of allegations imported from complaints available online at so-called 'foreclosure prevention' websites," including: http://www.jdsupra.com/post/documentViewer.aspx?fid=b0a71ed9-72d7-4211-a195-bb152c508674, http://www.foreclosurehamlet.org/profiles/blogs/ca-complaint-fordeclaratory, and http://www. scribd. com /doc/ 49618590/California-Wrongful-Foreclosure-Promissory-Estoppel-Violation-of-Pooling-and-Servicing-Agreement-PSA-Complaint.  (Mot. 3 & n.3, 2 n.2, 12 n.7.)  Perhaps as a result of this practice, Plaintiffs are often unclear whether they intend to refer to Plaintiff Laurielle Lemon individually or both Plaintiffs collectively.  The Court maintains the language contained in Plaintiffs' SAC, despite any resulting confusion.

[3] To the extent the Court relies on any documents not attached directly to Plaintiff's SAC, those documents are referenced in the SAC and are thereby incorporated by reference.  Furthermore, "[a] trial court may presume that public records are authentic and trustworthy," *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999), and thus fall within the purview of Federal Rule of Evidence 201.  *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  Rule 201 states that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Accordingly, the Court takes judicial notice of the filing dates for the documents to which it cites but does not take judicial notice of the facts contained therein.

Plaintiffs assert that the notary who supervised the signing told Laurielle that if she did not sign the Note, she would be responsible for over $20,000.00 in fees and costs. (SAC 7.)  Laurielle's new loan payment under the Note was $3,114.40 (SAC 7), an amount slightly less than the $3,159.39 per month estimated by the Residential Loan Application she signed.  (RJN, Ex. D.)

In May 2008, Laurielle began to fall behind on her loan payments, and so in September 2008, Laurielle began negotiations with Bear Stearns for a loan modification.  (SAC 7–8.)

In March 2009, Bear Stearns gave Laurielle a repayment plan that began on April 5, 2009, for $3,214.05 a month for the next six months.  (SAC 8.)  The Lemons made these payments through March 2010, five months longer than the repayment plan required. (SAC 8.)

But, in November 2009, Laurielle received a statement from EMC Mortgage on behalf of Bear Stearns stating that the past due amount was $22,304.31.  (SAC 8.)  Then, in March 2010, EMC informed Laurielle that she was $35,000.00 delinquent in her mortgage payments.  (SAC 9.)

On January 31, 2011, debt collector NDEx West, L.L.C. informed Laurielle that her property was being foreclosed upon.  (RJN, Ex. C.)  The disputed property was subsequently sold at a foreclosure sale on March 3, 2011.  (RJN, Ex. C.)

On March 24, 2011, Plaintiffs filed a Complaint in Los Angeles County Superior Court against Defendants Bear Stearns, EMC Mortgage Corporation, and JP Morgan Chase.  (ECF No. 1.)  On April 28, 2011, EMC removed the action to federal court and subsequently moved to dismiss Plaintiffs' Complaint.  (ECF Nos. 1, 6, 7.)  Plaintiffs, however, filed an untimely opposition to EMC's motion, in which they failed to substantively address EMC's arguments.  (ECF No. 17.)  Consequently, on June 8, 2011, the Court granted EMC's motion to dismiss, giving Plaintiffs 30 days in which to amend their Complaint.

/ / /

1    Plaintiffs, however, failed to meet this deadline.  Nevertheless, upon Plaintiffs'
2    request for leave, the Court permitted Plaintiffs' untimely First Amended Complaint
3    ("FAC") to be filed and processed.  In doing so, the Court cautioned Plaintiffs on
4    July 13, 2011, that "[i]n the future, further leave of this nature w[ould] not be so
5    readily granted."  (ECF No. 20.)

6    On August 1, 2011, EMC filed a motion to dismiss Plaintiffs' FAC.  (ECF No.
7    22.)  This time, Plaintiffs failed to oppose EMC's motion at all.  As a result, the Court
8    dismissed all claims against EMC with prejudice.  (ECF No. 26.)

9    On March 9, 2012, Defendants Bear Stearns and JP Morgan moved to dismiss
10   Plaintiffs' FAC—these Defendants' first motion to dismiss in this action.  (ECF No.
11   30.)  While Plaintiffs filed a timely opposition on March 26, 2012, Plaintiffs did not
12   substantively oppose Bear Stearns and JP Morgan's motion; instead, Plaintiffs sought
13   leave to file a Second Amended Complaint.  (ECF No. 35.)  In response, the Court
14   granted Bear Stearns and JP Morgan's motion, dismissing the sixth claim for violation
15   of California Civil Code section 2923.5 with prejudice and the remaining claims
16   without prejudice.  (ECF No. 39.)  The Court granted Plaintiffs 14 days to file their
17   SAC.

18   On April 30, 2012, Plaintiffs timely filed a SAC.  (ECF No. 40.)  Defendants
19   Bear Stearns and JP Morgan responded by filing the instant Motion to Dismiss.  (ECF
20   No. 41.)  Plaintiffs filed an untimely Opposition to Defendants' Motion on May 30,
21   2012.  (ECF 44.)  The Court turns now to Defendants' Motion.

22                          **III.   LEGAL STANDARD**

23   Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal
24   theory" or "the absence of sufficient facts alleged under a cognizable legal theory."
25   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint
26   need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short
27   and plain statement—to survive a motion to dismiss for failure to state a claim under
28   Rule 12(b)(6).  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ. P.

8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal*'s plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Rule 8 demands more than a complaint that is merely consistent with a defendant's liability—labels and conclusions, or formulaic recitals of the elements of a cause of action do not suffice. *Id.* Determining whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting plaintiff's claim for relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

Plaintiffs' SAC alleges 18 claims against Defendants, styled as follows: (1) invalidate/void trustee sale; (2) Federal Trade Commission Act violations; (3) breach of oral contract; (4) slander of title; (5) violation of debt validation; (6) intentional misrepresentation; (7) negligent misrepresentation; (8) violation of Unruh Civil Rights Act, Cal. Civ. Code § 51; (9) quiet title, Cal. Code Civ. Proc. § 760,010–764.080; (10) cancellation of instrument; (11) rescission in equity; (12) violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691; (13) violation of the Trust in Lending Act, 15 U.S.C. § 1601 et seq., and Regulation Z, 12 C.F.R. § 226 et seq.; (14) unconscionable contract and adhesion contract; (15) civil conspiracy to defraud; (16) promissory estoppel; (17) declaratory relief; and (18) injunctive relief.   Defendants seek a Rule 12(b)(6) dismissal of each claim alleged against them.   The Court will consider each in turn.

First, however, the Court notes that numerous sections of the SAC appear to be copied verbatim from online templates.   *See supra* note 2.   In its Order granting Defendants' motion to dismiss Plaintiffs' FAC, the Court noted that:

> This form of pleading fails to satisfy Rule 8, as Plaintiffs' allegations fail to inform Defendants in short and plain terms how *Anthony and Laurielle Lemon* are entitled to relief as a result of actions Defendants directed at them in particular.   Accordingly, any amended pleading must jettison all generalized 'facts' and contentions that do not directly inform Plaintiffs' individualized grounds for relief.

(ECF No. 39, at 3.)

Rather than comply with this directive, Plaintiffs have in fact added *additional* claims lifted entirely from other complaints.   For example, with respect to Plaintiffs' new claim for breach of contract, paragraphs 47 to 50 are copied from an online template authored by attorney Cameron Totten, down to the exact (mis)numbering of the paragraphs in relation to the rest of the SAC.   In addition, Plaintiffs' new fourth

claim for slander of title is copied from a different complaint available on Mr. Totten's website, a template document that Mr. Totten describes as "My latest masterpiece! :)" *See* http://www.jdsupra. com/post/documentViewer.aspx?fid= b0a71ed9-72d7-4211-a195-bb152c508674.    Moreover, the supposed "slander" Plaintiffs complain of was allegedly committed by NDEx West, which is not a party to this action.

The Court is cognizant that "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *cf.* Fed. R. Civ. Proc. 8(f) ("All pleadings shall be construed as to do substantial justice.") Plaintiffs' repeated recycling of complaints—even after the Court explicitly informed Plaintiffs of the problems with this practice—continues to violate Rule 8, however, as Defendants are unable to ascertain which of Plaintiffs' allegations pertain to Anthony and Laurielle Lemon, and which allegations relate only to those named plaintiffs in the exemplar complaints.  Large portions of Plaintiffs' SAC are dismissible for this reason alone.  Nevertheless, the Court proceeds to briefly address the merits of Plaintiffs claims.

**A.    First Claim to Invalidate/Void the Trustee Sale**

Plaintiffs' claim to invalidate/void the trustee sale in the SAC uses the exact same language the Court found lacking in the FAC.  Specifically, in the Order dismissing the FAC, the Court noted that this claim must fail absent Plaintiffs' allegation that they tendered the proceeds of their loan.  (ECF No. 39, at 3 (citing *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522, 526 (2011); *Briosos v. Wells Fargo Bank*, No. C 10–02834 LB, 2010 WL 3341032, at *1203 (N.D. Cal. Aug. 25, 2010).)  In an action to void a non-judicial foreclosure sale, a plaintiff is required to allege tender of the amount due.  *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.

1  App. 4th 256, 269 (2011).  Plaintiffs' failure to amend this claim to allege a credible

2  tender therefore dooms Plaintiffs' first claim.

3         In their Opposition, Plaintiffs challenge Defendants' legal standing to foreclose.

4  (Opp'n. 8.)  Not only is this argument not presented in the SAC, but it also fails to

5  allege that Plaintiffs were in any way prejudiced by the transfer of the loan to another

6  creditor.  *See Fontenot*, 198 Cal. App. 4th at 272.  The common-law presumption that

7  a non-judicial foreclosure sale is conducted "regularly and fairly" may only be

8  rebutted by "substantial evidence of prejudicial procedural irregularit[ies]."

9  *Melendrez v. D & I Investment, Inc.*, 127 Cal. App. 4th 1238, 1258 (2005).  Because

10 Plaintiffs do not allege that they were prejudiced in any way that interfered with their

11 ability to pay the Note, their argument fails.  Moreover, Plaintiffs cannot determine

12 any procedural irregularities, as the Notice of Trustee's Sale properly identifies NDEx

13 West, LLC as a duly appointed Trustee.  (RJN, Ex. C.)

14        Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiffs'

15 Invalidate/Void Trustee Sale claim.  In light of Plaintiffs' repeated opportunities—and

16 failures—to amend, the Court finds that additional attempts to amend would be futile.

17 *AE ex rel. Hernandez v. County of Tulare,* 666 F.3d 631, 636 (9th Cir. 2012) ("A

18 district court abuses its discretion by denying leave to amend unless amendment

19 would be futile or the plaintiff has failed to cure the complaint's deficiencies despite

20 repeated opportunities.")  Plaintiff's first claim is therefore **DISMISSED WITH**

21 **PREJUDICE**.

22 **B.     Second Claim for Federal Trade Commission Act Violations**

23        Plaintiffs' claim for violation of the Federal Trade Commission Act ("FTC

24 Act"), 15 U.S.C. 45(a), fails because the Court lacks jurisdiction to hear the claim.

25 *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973).  Without getting to the

26 merits of the claim, the Court finds that there is no private right of action for

27 violations of the FTC Act.  *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1201

28

n.20 (C.D. Cal. 2008).   Rather, the Federal Trade Commission holds the initial remedial power to protect against unfair trade practices.  *Id.*

Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiffs' Federal Trade Commission Act violations claim, which is hereby **DISMISSED WITH PREJUDICE**.

## C.  Third Claim for Breach of Oral Contract

Plaintiffs' claim for breach of oral contract is based on Defendants' alleged promise to Plaintiffs that "they would not continue with the foreclosure process with regard to the Subject Property while they were reviewing Plaintiff's request for accounting."  (SAC 16.)   In California, a contract requires "[a] sufficient cause or consideration."  Cal. Civ. Code § 1550.  An oral agreement may modify a written contract, so long as there is new consideration.  Cal. Civ. Code § 1698(c).   A bargained for consideration is either (1) "any benefit conferred . . . upon the promisor" or (2) "any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer."  Cal. Civ. Code § 1605.

Plaintiffs' claim for breach of an oral contract is not supported by consideration, and so, "a gratuitous oral promise to postpone a sale of property pursuant to the terms of a trust deed ordinarily would be unenforceable under Section 1698."  *Raedeke v. Gibraltar Sav. & Loan Assn.*, 10 Cal. 3d 665, 673 (1974) (citation omitted).  Here, Plaintiffs offer no indication of how they provided a benefit to Defendants or how they suffered any detriment in holding their end of the bargain.

Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiffs' breach of oral contract claim, which is hereby **DISMISSED WITH PREJUDICE**.

## D.  Fourth Claim for Slander of Title

Plaintiffs' claim for slander of title fails to state a claim.  Plaintiffs claim that "NDeX [*sic*] West, purportedly but falsely acting as either the trustee or the agent of the beneficiary of the Deed of Trust, wrongfully and without privilege, caused a Notice of Default, Substitution of Trustee, and Assignment of Deed of Trust to be

recorded against the subject property." (SAC 17.)  Defendants note that if slander was in fact committed by NDEx West, a claim against the Defendants is improper because NDEx West is not a party to the action. (Mot. 12.)  The Court agrees.

Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiffs' slander of title claim, which is hereby **DISMISSED WITH PREJUDICE**.

**E.    Fifth Claim for Violation of Debt Validation**

Plaintiffs' claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692e, fails to state a claim.  This allegation recites the statute without alleging any facts that pertain to the Lemons or the Defendants specifically. Plaintiffs merely state that Defendants have used "false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA." (SAC 19.)

The FDCPA "imposes civil liability on 'debt collector[s]' for certain prohibited debt collection practices."  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1608 (2010) (alterations in original).  In the context of the FDCPA, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. 1692a(6).

Here, Plaintiffs fail to allege that Defendants are debt collectors in the context of the FDCPA.  Indeed, "'creditors, mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt from liability under the [FDCPA].'" *Williams v. Bank of Am., N.A.*, No. 11-CV-2800 BEN (NLS), 2012 WL 2106225, at *3 (S.D. Cal. June 11, 2012) (citing *Caballero v. Ocwen Loan Servicing*, No. C-09-01021, 2009 WL 1528128, at *1 (N.D. Cal. May 29, 2009)).

Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiffs' violation of debt validation claim, which is hereby **DISMISSED WITH PREJUDICE**.

**F.     Sixth Claim for Intentional Misrepresentation and Seventh Claim for Negligent Misrepresentation**

Plaintiffs' claims for intentional and negligent misrepresentation are largely unchanged from their FAC.  In the Order Granting Motion to Dismiss Plaintiffs' FAC the Court noted, "If Plaintiffs do choose to amend, they must address *all* of those pleading deficiencies identified in Defendants' Motion by pleading . . . additional *facts* supporting Plaintiffs' claims."  (ECF No. 39, at 2.)  Plaintiffs have failed to allege new facts to satisfy the required elements of misrepresentation to survive a motion to dismiss.

The elements of intentional misrepresentation are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Nielson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1140–41 (C.D. Cal. 2003) (citations omitted).  The elements of a cause of action for negligent misrepresentation are the same as those of a claim for intentional misrepresentation, with the exception that the defendant need not actually know the representation is false.  *Id.* at 1141.  A party alleging fraud or misrepresentation is subject to a heightened pleading standard and must plead with particularity the circumstances of the misrepresentation.[4]  Fed. R. Civ. P. 9(b).  Plaintiffs "must set forth *more* than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d. 1097, 1106 (9th Cir. 2003) (citations and internal quotation marks omitted).

---

[4] The Ninth Circuit has not yet decided whether Rule 9(b)'s heightened pleading standard applies to a claim for negligent misrepresentation, but most district courts in California hold that it does.  *Id.*  This Court too finds that it does.

Plaintiffs fail the particularity requirement of Rule 9(b).  Here, the Lemons assert that Defendants made representations that they knew "to be false and/or made them recklessly and without regard for their truth."  (SAC 20.)  Aside from these general accusations, Plaintiffs fail to specify exactly how Defendants committed misrepresentation, why the representation was false, or other facts to let Defendants know what exactly they did wrong.  Plaintiffs' mere conclusory allegations fall well short of the Rule 9(b) heightened pleading standard.

Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiffs' intentional misrepresentation and negligent misrepresentation claims, which are hereby **DISMISSED WITH PREJUDICE**.

## G.   Eighth Claim for Violation of Unruh Civil Rights Act

Plaintiffs' claim for violation of the Unruh Civil Rights Act is wholly unchanged from the FAC.  Without getting to the merits of Plaintiffs' claim, the Court notes that the claim is barred by the statute of limitations.  Plaintiffs provide no facts meriting the equitable tolling of this statute of limitation.

The Unruh Civil Rights Act does not contain an express statute of limitations, and so California courts remain free to determine whether the underlying claim of discriminatory lending practices is statutory (three-year limitation) or common law (two-year limitation).  *Hernandez v. Sutter West Capital*, No. C 09-03658 CRB, 2010 WL 3385046, at *2 (N.D. Cal. Aug. 26, 2010).  Even assuming that the three-year statute of limitations applies, this claim is still time-barred.

The statute of limitations began to run in November 2007 when the loan in this action was made.  The Lemons did not bring suit until March 24, 2011—several months after the statute of limitations had expired.

Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiffs' Unruh Civil Rights Act claim, which is hereby **DISMISSED WITH PREJUDICE**.

**H.      Ninth Claim for Quiet Title, Tenth Claim for Cancellation of Title, and Eleventh Claim for Rescission in Equity**

Plaintiffs' claims for quiet title, cancellation of title, and rescission in equity fail to allege tender or assert an exception to the tender requirement.  While it is ultimately at the Court' discretion whether to require tender in certain circumstances, such as when a trustee sells property that is unencumbered, *Storm v. Am.'s Servicing Co.*, No. 09cv1206-IEG (JMA), 2009 WL 3756629, at *6 n.9 (S.D. Cal. Nov. 6, 2009), "the law is long-established that a trustor or his successor must tender the obligation in full as a prerequisite to challenge of the foreclosure sale."  *U.S. Cold Storage v. Great W. Savs. & Loan Assoc.*, 165 Cal. App. 3d 1214, 1222 (1985).  Plaintiffs neither allege tender nor an ability to tender, and as such, these claims cannot stand.[5]

Plaintiffs state, "There is no debt that impairs title to the PROPERTY." (SAC 25.)  This would imply that the action for quiet title does not require tender because Plaintiffs do not owe any debts that would encumber the property.  Yet, nowhere in the SAC do Plaintiffs allege that they have fully paid their loan.  Plaintiffs even admit to falling behind on mortgage payments and needing loan modifications. (SAC 8.)  Thus, it appears by Plaintiffs' own admission that they have not fully paid their loan, and so are required to tender the amount owed to obtain quiet title.

Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiffs' quiet title, cancellation of instrument, and rescission in equity claims, which are hereby **DISMISSED WITH PREJUDICE**.

///

///

---

[5] The Court notes that Plaintiffs' offer of a loan modification proposal does not qualify as an offer to tender.  (SAC 27); *Mertan v. Am. Home Mortg. Servicing, Inc.*, No. SACV 09-723 DOC (PJWx), 2009 WL 3296698, at *9 (C.D. Cal. Oct. 13, 2009).

**I.     Twelfth Claim for Violation of Equal Credit Opportunity Act**

Plaintiffs' claim for violation of Equal Credit Opportunity Act ("ECOA") fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This claim is wholly unchanged from the FAC, and as such, contains the same deficiencies the Court identified in dismissing Plaintiffs' FAC.

The Lemons allege that the Defendants discriminated against them as loan applicants "from a minority background" in violation of 15 U.S.C. § 1691.  (SAC 27.)  Section 1691 makes it unlawful for any creditor to discriminate against any applicant on the basis of race, color, religion, national origin, sex or marital status, or age.  A violation of the ECOA requires, *inter alia*, that the applicant be denied credit, despite being qualified.  *Chiang v. Veneman*, 385 F.3d 256, 259 (3rd Cir. 2004).  The Lemons claim discrimination because they were allegedly offered more credit than they qualified for.  It is difficult to see how an offer of excess credit is discriminatory, considering that the ECOA was enacted to ensure access to credit.  *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1045 (N.D. Cal. 2009).

Plaintiffs also claim that they were offered a loan that is "significantly more costly than those offered to others of a different race, ethnicity or national origin."  (SAC 27.)  This statement is unsupported by any factual allegations.  It is merely "a formulaic recitation of the elements of a cause of action," which violates Federal Rule of Civil Procedure 8(a)(2)'s requirement of a short and plain statement.  *Twombly*, 550 U.S. at 555.

Because the SAC contains no facts suggesting that treatment of the Lemons was in any way different than similarly situated non-minority borrowers, nor that the Lemons were treated a certain way because of their minority status, the Court **GRANTS** Defendants' Motion as to Plaintiffs' violation of the ECOA claim.  Plaintiffs' twelfth claim for violation of ECOA is hereby **DISMISSED WITH PREJUDICE**.

**J.      Thirteenth Claim of for Violation of  the Truth in Lending Act and Regulation Z**

Plaintiffs' Truth in Lending Act ("TILA") violation claim is time-barred by TILA's one-year statute of limitations, which began to run on the date the violation occurred—signing the Note in November 2007.  15 U.S.C. § 1640(e).  The Lemons provide no explanation why the statute of limitations should be tolled.

Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiffs' violation of the TILA and Regulation Z claim, which is hereby **DISMISSED WITH PREJUDICE**.

Additionally, Plaintiffs' thirteenth claim alleges that "all Defendants have engaged in deceptive acts or practices in violation of Section 5(a) of the [Federal Trade Commission] Act."  (SAC 31.)  This boilerplate accusation is conclusory and contains not a single factual allegation.  Plus, the FTC Act does not provide a private right of action.  *Izenberg*, 589 F. Supp. 2d at 1201 n.20.  As noted *supra*, Plaintiff's violation of the FTC Act assertion has already been dismissed.

**K.      Fourteenth Claim for Unconscionable Contract & Adhesion Contract**

Plaintiffs' claim that the loan constitutes an unconscionable contract fails to state a claim.  For a contract to be held unconscionable, it must be both procedurally and substantively unconscionable.  *Gatton v. T-Mobile USA, Inc.*, 152 Cal. App. 4th 571, 579 (2007).  Adhesion contracts establish a minimal degree of procedural unconscionability.  *Id.* at 585.  The Court finds that this was an adhesion contract in light of the unequal bargain power between Bear Stearns and the Lemons, the standard form of the Note drafted by Bear Stearns, and that the Lemons were required to accept all terms and conditions.  (SAC 6); *see Gatton*, 152 Cal. App. 4th at 582.  The Court also finds, however, that Plaintiffs do not adequately allege substantive unconscionability, and so Plaintiffs' claim fails.

A contract that is substantively unconscionable requires that the results be overly harsh or one-sided.  *Armendariz v. Foundation Health Psychcare Serv., Inc.*, 24

Cal. 4th 83, 114 (2000).  Plaintiffs urge the Court to find, "Defendants, and each of them, sought to impose upon Plaintiffs a mortgage agreement that carried excessive interest fees, kick back fees and other wrongs."  (SAC 32.)  The judicially noticeable Note explicitly states that the interest for the loan is 6.875%.  (RJN, Ex. A.)  Plaintiffs were aware of this interest rate, which was actually lower than the 6.925% originally represented to Plaintiffs by Bear Stearns.  (SAC 6–7.)  Plaintiffs do not allege any facts to support a finding that Defendants received "kick backs."  Finally, the other wrongs Plaintiffs refer to are that the Note was "filled with legalese and other ambiguous terms."  (SAC 32.)  There is no allegation of what the ambiguous terms are, and the Court knows of no case or statute that prohibits a contract from being written using legal terminology.  The SAC therefore alleges no facts to support a finding of substantive unconscionability.

Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiffs' unconscionable contract claim, which is hereby **DISMISSED WITH PREJUDICE**.

## L.     Fifteenth Claim for Civil Conspiracy to Defraud

Plaintiffs fail to allege facts to state a claim of civil conspiracy to defraud.  The elements of a civil conspiracy claim are: (1) the formation and operation of the conspiracy; (2) wrongful conduct in furtherance of the conspiracy; and (3) damages arising from the wrongful conduct.  *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581 (1995).  Conspiracy to defraud requires that the defendants engaged in fraud, so the strict pleading requirements of Rule 9(b) apply.  *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007); *Ohlendorf v. Am. Brokers Conduit*, No. CIV. S-11-293 LKK/EFB, 2012 WL 718682, at *10 (E.D. Cal. Mar. 5, 2012).

Plaintiffs' conclusory statements comprising their fifteenth claim are simply bare recitations of the legal standard and cannot survive a motion to dismiss.  *Iqbal*, 556 U.S. at 678.  Defendants should not be forced to guess how their conduct was fraudulent; a claim must put the defendant on notice as to what specifically he has

done wrong.  *Twombly*, 550 U.S. at 556 n.3.  Here, Plaintiffs provide only conclusory allegations which are insufficient to satisfy the pleading standard required by Federal Rule of Civil Procedure 8(a)(2), let alone the heightened pleading standard of Rule 9(b).  The Lemons provide no facts establishing the "who, what, when, where, and how that would suggest fraud."  *Cooper v. Picket*, 137 F.3d 616, 627 (9th Cir. 1997) (internal quotations omitted).

Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiffs' civil conspiracy to defraud claim, which is hereby **DISMISSED WITH PREJUDICE**.

**M.    Sixteenth Claim for Promissory Estoppel**

Plaintiffs' sixteenth claim fails to allege the elements of promissory estoppel. The Court notes that the claim for promissory estoppel is wholly unchanged from the FAC, and so continues to suffer "*all* of those pleading deficiencies identified in Defendants' Motion [to Dismiss Plaintiffs' FAC]."  (ECF No. 39, at 2.)

To state a claim for promissory estoppel, Plaintiffs must allege (1) a promise clear and unambiguous in its terms; (2) reliance by Plaintiffs on that promise; (3) reliance that was both reasonable and foreseeable; and (4) damages resulting from her reliance.  *Boon Rawd Trading Int'l Co., Ltd. V. Paleewong Trading Co., Inc.*, 688 F. Supp. 2d 940, 953 (N.D. Cal. 2010).

Defendants contend that the claim fails to allege that the promise was clear and unambiguous.  According to the Lemons, the agreed-upon loan modification was for a "2% interest rate with principal balance reduction."  (SAC 34.)  This "promise" needs more to survive a motion to dismiss—the SAC does not explain the terms of the loan, whether the 2% rate is fixed or adjustable, the length of time of the loan, the amount of the principal balance reduction, or other terms necessary for a clear and unambiguous promise.

Additionally, Defendants contend that Plaintiffs fail to allege detrimental reliance.  Detrimental reliance is an essential element of promissory estoppel.  *Smith v.*

*San Francisco*, 225 Cal. App. 3d 38, 48 (1990).  Other than the conclusory allegations that they relied on Defendants' representations (which is pleaded in relation to their claim for intentional misrepresentation (SAC 20)), Plaintiffs allege no facts demonstrating that they changed their position in reliance of what Defendants promised.

Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiffs' promissory estoppel claim, which is hereby **DISMISSED WITH PREJUDICE**.

**N.    Seventeenth Claim for Declaratory Relief and Eighteenth Claim for Injunctive Relief**

Claims for declaratory and injunctive relief are ultimately prayers for relief, not causes of action.  *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010).  The Lemons are not entitled to such relief absent a viable underlying claim.  *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 888 (N.D. Cal. 2011).

Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiffs' declaratory relief and injunctive relief claims, which are hereby **DISMISSED WITH PREJUDICE**.

## V.    CONCLUSION

The Court **GRANTS** Defendants' Motion to Dismiss in its entirety.  This case is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

June 25, 2012

_____

**HON. OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**